IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: § § | | CHAPTER 11 |
| GOLDEN COUNTY FOODS, INC., § § | | CASE NO. 15-11062 (KG) |
| DEBTOR § § § | | |
| Tax I.D. No. 75-3083018 § | | |

___

| | | |
|---|---|---|
| IN RE: § § | | CHAPTER 11 |
| GCF FRANCHISEE, INC., § § | | CASE NO. 15-11063 (KG) |
| DEBTOR § § § | | |
| Tax I.D. No. 46-1644385 § | | |

___

| | | |
|---|---|---|
| IN RE: § § | | CHAPTER 11 |
| GCF HOLDINGS II, INC., § § | | CASE NO. 15-11064 (KG) |
| DEBTOR § § § | | |
| Tax I.D. No. 45-1653151 § | | |

**DEBTORS' MOTION FOR AN ORDER DIRECTING
THE JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Golden County Foods, Inc. ("Golden Foods"), GCF Franchisee, Inc. ("Golden Franchisee") and GCF Holdings II, Inc. ("Golden Holdings" and, collectively with Golden Foods and Golden Franchisee, the "Debtors"), as debtors and debtors-in-possession, file this motion (the "Motion"), pursuant to section 105(a) of the Bankruptcy Code,[1] Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] 11 U.S.C. §§ 101, *et seq.* Unless otherwise noted, all statutory references are to the Bankruptcy Code.

Delaware (the "Local Rules"), to request the entry of an order directing the joint administration of their respective Chapter 11 cases. In support, the Debtors state as follows:

## I. BACKGROUND

1. On May 15, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are operating their businesses as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. A description of the Debtors' business, capital structure, and the events leading to the Debtors' bankruptcy is set forth in the Declaration of Jay Bradford in Support of Certain First Day Pleadings, filed concurrently with this Motion and incorporated herein by reference.

## II. JURISDICTION & VENUE

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELIEF REQUESTED

3. By this Motion, the Debtors request the entry of an order directing that their respective Chapter 11 cases be jointly-administered for procedural purposes only, pursuant to section 105(a) and Bankruptcy Rule 1015(b) and Local Rule 1015-1. Section 105 provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 1015(b)(4) provides that:

> If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Each of the Debtors is an "affiliate" of the other as that term is defined in section 101(2) of the Bankruptcy Code. Specifically, the Debtors are affiliates because Golden Foods is a wholly-

owned subsidiary of Golden Holdings and Golden Franchisee shares corporate ownership with Golden Foods and Golden Holdings.  *See* 11 U.S.C. § 101(2) (defining affiliate to include an entity that owns, or is owned by, a debtor).

4. In addition, the issues that will be addressed in these bankruptcy cases will be related and overlapping.  Joint administration of these cases will obviate the need for duplicative notices, motions, applications, hearings, and orders, and will therefore save considerable time and expense for the Debtors, their estates and their investors and creditors.

5. Joint administration will not give rise to any conflict of interest among the Debtors' estates.  The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and will continue to maintain separate books and records.  Moreover, each creditor may file its claim against a particular estate.  Each of the Debtors will file separate Schedules of Assets and Liabilities and Statements of Financial Affairs.

6. All creditors will benefit by the reduction in costs resulting from joint administration.  The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders and maintaining redundant files.  Finally, supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee will be simplified.  Accordingly, joint administration of the above-captioned cases is in the Debtors' best interests, as well as those of their respective estates, creditors, and other parties in interest.

7. The Debtors propose that the following activities be joined for administrative purposes only:

    (a)    one disclosure statement and plan of reorganization may be (but is not required to be) filed for the Debtors' cases by any plan proponent;

    (b)    hearings in these jointly administered cases shall be joint hearings

unless otherwise specified;

(c)  one consolidated docket shall be kept by the Clerk, although separate claims registers will be maintained for each of the Debtors' cases.

The Debtors request that their cases be jointly administered under the following caption and case number:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **IN RE:** § | | **CHAPTER 11** |
| § | | |
| **GOLDEN COUNTY FOODS, INC.,** § | | **CASE NO. 15-11062 (KG)** |
| *et al.*,[1] § | | |
| § | | **JOINTLY ADMINISTERED** |
| **DEBTORS** § | | |

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Golden County Foods, Inc. (3018); GCF Franchisee, Inc. (4385); and GCF Holdings II, Inc. (3151). The address of the Debtors' corporate headquarters is 300 Moore Road, Plover, Wisconsin 54467.

8.  The Debtors further request that the Court determine that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

9.  The Debtors also request that an entry, substantially similar to the following, be entered on the dockets of Golden Franchisee's and Golden Holdings's Chapter 11 cases to reflect the joint administration of these Chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Golden County Foods, Inc., Case No. 15-11062 (KG); GCF Franchisee, Inc., Case No. 15-11063 (KG); and GCF Holdings II, Inc., Case No. 15-11064 (KG). All further pleadings and papers shall be filed and all further docket entries shall be made in Case No. 15-11062 (KG).

### IV.  NOTICE

10.  The Debtors will provide notice of this Motion to (i) the United States Trustee, (ii) the Debtor's 20 largest unsecured creditors, (iii) secured creditors, and (iv) all parties entitled

to notice under Local Rule 9013-1(m) (collectively the "Notice Parties"). As this Motion is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, no other or further notice need be given.

## V. CONCLUSION

11. For the reasons set forth above, the Debtors request that the Court enter an order, substantially the form attached hereto as <u>Exhibit A</u>, (i) directing the joint administration of the Debtors' Chapter 11 cases as requested herein and (ii) granting any further relief the Court deems appropriate.

Dated: May 18, 2015  
       Wilmington, Delaware

Respectfully submitted,

*/s/ Mark D. Collins*  
Mark D. Collins (No. 2981)  
Paul N. Heath (No. 3704)  
Tyler D. Semmelman (No. 5386)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701  
Email: collins@rlf.com  
       heath@rlf.com  
       semmelman@rlf.com

Patrick J. Neligan, Jr.  
Texas Bar No. 14866000  
pneligan@neliganlaw.com  
John D. Gaither  
Texas Bar No. 24055516  
jgaither@neliganlaw.com

NELIGAN FOLEY LLP  
325 N. St. Paul, Suite 3600  
Dallas, Texas 75201  
Telephone: (214) 840-5300  
Facsimile: (214) 840-5301

**PROPOSED COUNSEL FOR THE DEBTORS**

# EXHIBIT A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: § | | CHAPTER 11 |
| GOLDEN COUNTY FOODS, INC., § | | CASE NO. 15-11062 (KG) |
| DEBTOR § | | |
| Tax I.D. No. 75-3083018 § | | |

| | | |
|---|---|---|
| IN RE: § | | CHAPTER 11 |
| GCF FRANCHISEE, INC., § | | CASE NO. 15-11063 (KG) |
| DEBTOR § | | |
| Tax I.D. No. 46-1644385 § | | |

| | | |
|---|---|---|
| IN RE: § | | CHAPTER 11 |
| GCF HOLDINGS II, INC., § | | CASE NO. 15-11064 (KG) |
| DEBTOR § | | |
| Tax I.D. No. 45-1653151 § | | |

**ORDER GRANTING DEBTORS' MOTION FOR
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The Court has considered the Motion (the "<u>Motion</u>")[1] of the above-captioned debtors (collectively, the "<u>Debtors</u>") for joint administration of their Chapter 11 cases for procedural purposes only, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, and having determined that the Court has jurisdiction over this matter, that due notice of the Motion has been provided, and that the relief requested in the Motion is in the best interests of the Debtors and their estates, it is hereby **ORDERED** that:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. The Motion is GRANTED as set forth herein.

2. The above-captioned Chapter 11 cases be and hereby are consolidated for procedural purposes only and shall be jointly administered by the Court effective as of the filing date of the petitions.  One disclosure statement and plan of reorganization may be (but is not required to be) filed for any of the above listed cases by any plan proponent.  Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.  However, nothing in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases or the Debtors' estates.

3. The lead case shall be *In re Golden County Foods, Inc.*, Case No. 15-11062 (KG). The Clerk shall use a single docket, creditor matrix and Master Service List, for the filing and docketing of all orders, pleadings, papers and documents in the Debtors' cases into the case of *In re Golden County Foods, Inc.*, Case No. 15-11062 (KG).

4. The official caption of the jointly administered cases shall be:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
|  | § |  |
| **GOLDEN COUNTY FOODS, INC.,** | § | **CASE NO. 15-11062 (KG)** |
| *et al.*,[1] | § |  |
|  | § | **JOINTLY ADMINISTERED** |
| **DEBTORS** | § |  |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Golden County Foods, Inc. (3018); GCF Franchisee, Inc. (4385); and GCF Holdings II, Inc. (3151).  The address of the Debtors' corporate headquarters is 300 Moore Road, Plover, Wisconsin 54467.

5. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

6. An entry shall be entered on the docket of each of the Debtors' (except the chapter 11 case of Golden County Foods, Inc.) chapter 11 cases to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Golden County Foods, Inc., Case No. 15-11062 (KG); GCF Franchisee, Inc., Case No. 15-11063 (KG); and GCF Holdings II, Inc., Case No. 15-11064 (KG). All further pleadings and papers shall be filed and all further docket entries shall be made in Case No. 15-11062 (KG).

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: May ____, 2015
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE