**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GOLDEN COUNTY FOODS, INC., | § | CASE NO. 15-11062 (KG) |
| *et al.*,[1] | § | |
| | § | JOINT ADMINISTRATION |
| DEBTORS | § | REQUESTED |

**MOTION FOR INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING PROCEDURES FOR PROVIDING ADEQUATE ASSURANCE OF POSTPETITION PAYMENTS, AND (III) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE**

Golden County Foods, Inc., GCF Franchisee, Inc. and GCF Holdings II, Inc. (collectively, the "Debtors") file this motion (the "Motion") pursuant to sections 105(a) and 366(b) of the Bankruptcy Code[2] to request the Court enter interim and final orders (i) prohibiting utility service providers from altering, refusing, or discontinuing service on account of prepetition invoices; (ii) establishing procedures for providing adequate assurance of postpetition payments; (iii) determining that the adequate assurance proposed in this Motion is sufficient under section 366, and states as follows:

**I. BACKGROUND**

1.     On May 15, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are operating their businesses as debtors-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. A detailed description of the Debtors' business, capital

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Golden County Foods, Inc. (3018); GCF Franchisee, Inc. (4385); and GCF Holdings II, Inc. (3151). The address of the Debtors' corporate headquarters is 300 Moore Road, Plover, Wisconsin 54467.

[2]     11 U.S.C. §§ 101, *et seq*. Unless otherwise noted, all statutory references are to the Bankruptcy Code.

---

structure, and the events leading to the Debtors' bankruptcy is set forth in the Declaration of Jay Bradford in Support of Certain First Day Pleadings (the "First Day Declaration"), filed concurrently with this Motion and incorporated herein by reference.

## II. RELIEF REQUESTED

2.      In the ordinary course of business, the Debtors use gas, water, electric, telephone, and other utility services provided by various utility providers (collectively the "Utilities"). A list identifying each Utility currently providing service to the Debtors is attached hereto as **Exhibit A**.[3]  As with most businesses, uninterrupted utility services is critical to the Debtors' ability to maintain its ongoing operations. This is especially true in this case. As a manufacturer of food products, electricity, water, gas, waste disposal and other utility services are essential to the Debtors' operations. Termination of services by the Utilities would preclude the Debtors from operating, resulting in significant losses and irreparable harm to the Debtors' estates.

3.      By this Motion, the Debtors seek the entry of an interim order (the "Interim Order") pursuant to sections 105 and 366(b) (i) prohibiting the Utilities from altering, refusing, or discontinuing service on account of prepetition invoices; (ii) establishing procedures for providing adequate assurance of postpetition payments; (iii) determining that the adequate assurance proposed in this Motion is sufficient under section 366; and (iv) setting a final hearing on the Debtors' proposed adequate assurance (the "Final Hearing"). As adequate assurance to the Utilities, the Debtors propose to place a deposit in an interest-bearing, segregated account equal to 30 days' average billing based on average monthly billing over the past 12 months.

---

[3] By listing an entity on Exhibit A, the Debtor does not waive its right to contest that the entity is not a "utility" within the meaning of section 366 of the Bankruptcy Code.

---

### III. PROPOSED ADEQUATE ASSURANCE

4.      Section 366 of the Bankruptcy Code governs the rights and obligations of the Utilities as providers of utility services to the Debtors.  Under section 366(c)(2), a utility "may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility services that is satisfactory to the utility."  11 U.S.C. § 366(c)(2).  Section 366(c)(1)(A) provides that assurance of payment means "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (iv) a pre-payment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee."

5.      As adequate assurance of payment under section 366(b), the Debtors propose to place a deposit into an interest-bearing, segregated account equal to thirty days' average billing based on the average monthly billing over the previous 12 months.  With the exception of one Utility, the Debtors are current on their prepetition utility payments.  The Debtors will remain current on billing for all post-petition services provided by the Utilities.  Further, as set forth in the First Day Declaration, the Debtors do not anticipate that they will continue operating for more than 60 days after the Petition Date.  Therefore, the Debtors believe that a deposit equal to one month's average billing will provide Utilities with adequate protection within the meaning of section 366(b).  Indeed, section 366(c)(1)(A)(i) specifically identifies a cash deposit as an appropriate means of adequate assurance.

6.      The Debtors request that, if not already returned or applied, any additional deposit provided to any Utility prepetition be returned to the Debtors at the conclusion of this bankruptcy case.

___

**Motion for Interim and Final Orders Prohibiting Utilities from Altering, Refusing, or Discontinuing Services on Account of Prepetition Invoices**
RLF1 11984379v.3

## IV. OBJECTIONS TO PROPOSED ADEQUATE ASSURANCE AND FINAL HEARING

7. Under section 366(c)(2), a Utility may arguably disconnect services without warning on the 30th day after the Petition Date if it deems the adequate assurance provided herein is not satisfactory. To avoid such precipitous action and the resulting disruption to the Debtors' operations, and to fully resolve the adequate assurance issue within 30 days of the Petition Date, the Debtors request that any Utility that wishes to request adequate assurance in addition to that provided for in this Motion be ordered to file a request for a determination of adequate assurance in accordance with section 366(c)(3). In order to resolve any requests for adequate assurance within the 30 day period provided in section 366(c)(2) and prevent any disruption in utility services, the Debtors request that the Final Hearing be set approximately 25 days from the Petition Date.

8. Any Utility that is not satisfied with the Debtors' proposed adequate assurance may make a request with this Court for additional or different adequate assurance of future payment pursuant to the following adequate assurance procedures (the "Adequate Assurance Procedures"):

    a. Any Utility that objects to the Debtors' proposed adequate assurance must serve an adequate assurance request on: (i) the Debtors, Golden County Foods, Inc., 300 Moore Road, Plover, Wisconsin 54467; and (ii) proposed co-counsel for the Debtors, (a) Neligan Foley LLP, 325 N. St. Paul, Suite 3600, Dallas, Texas 75201, Attn: Patrick J. Neligan, Jr., and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins (together, the "Request Notice Parties")

    b. Any adequate assurance request must (i) be made in writing, (ii) identify the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, (iv) explain why the Utility believes the Debtors' proposed adequate assurance is not sufficient adequate assurance of future payment, and (v) be served on the Request Notice Parties.

___

**Motion for Interim and Final Orders Prohibiting Utilities from Altering, Refusing, or Discontinuing Services on Account of Prepetition Invoices**
RLF1 11984379v.3

  c. The Debtors are authorized to resolve, in their sole discretion, any adequate assurance request by mutual agreement with a Utility and without further order of the Court and, in connection with any such agreement, in their sole discretion, provide a Utility with additional and/or alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtors believe such alternative assurance is reasonable.

  d. If the Debtors are unable to reach a prompt resolution with the Utility, the Debtors will schedule the matter to be hard before the Court at the next regularly scheduled omnibus hearing date to determine the adequacy of assurances of payment with respect to a particular Utility pursuant to section 366(c)(3) of the Bankruptcy Code. Pending notice and a hearing, the Utility that is the subject of the unresolved adequate assurance request may not alter, refuse or discontinue services to the Debtors.

9. Upon serving this Motion and the Interim Order on the Utilities, the Debtors request that any Utility that fails to respond or to file a request for a determination of adequate assurance within the time periods set forth in the foregoing Adequate Assurance Procedures be deemed to have consented to such adequate assurance. *See In re Syroco, Inc.*, 2007 WL 2404295, at *2 (Bankr. D.P.R. Aug. 22, 2007) (stating that a utility provider's lack of objection, response, or counter-demand after receiving notice of hearing on utilities motion, notice of interim order, and notice of final hearing constitutes tacit acceptance of the debtor's proposed two-week cash deposit as adequate assurance of payment under section 366).

## V. SUBSEQUENTLY IDENTIFIED UTILITIES

10. If the Debtors identify additional Utilities after the entry of the Interim Order, the Debtors will promptly serve this Motion, the Interim Order, and notice of the Final Hearing and/or final order on such newly identified Utilities. The Debtors request that the Court make any final order on this Motion binding on all Utilities, regardless of when each Utility was identified and served in accordance with this Motion, provided that any such newly identified

Utility shall have 30 days from the date of service of the Motion and this order to make a request for additional adequate assurance in accordance with the terms of this order.

## VI. NOTICE

11.     The Debtors will provide notice of this Motion to (i) the United States Trustee, (ii) the Debtors' 20 largest unsecured creditors, (iii) secured creditors, (iv) the Utilities, and (v) all parties entitled to notice under Local Rule 9013-1(m).  As this Motion is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, no other or further notice need be given.

___

**Motion for Interim and Final Orders Prohibiting Utilities from Altering, Refusing, or Discontinuing Services on Account of Prepetition Invoices**
RLF1 11984379v.3

## VII. CONCLUSION

Accordingly, the Debtors request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 1</u>, (i) granting the relief requested herein; and (ii) granting any further relief the Court deems appropriate.

Dated: May 18, 2015                  Respectfully submitted,

*/s/ Tyler D. Semmelman*
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Tyler D. Semmelman (No. 5386)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
        heath@rlf.com
        semmelman@rlf.com

Patrick J. Neligan, Jr.
Texas Bar No. 14866000
pneligan@neliganlaw.com
John D. Gaither
Texas Bar No. 24055516
jgaither@neliganlaw.com

NELIGAN FOLEY LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

**PROPOSED COUNSEL FOR THE DEBTORS**

# EXHIBIT A

## Utilities List

# EXHIBIT A

| VENDOR NAME/ADDRESS | ACCOUNT NUMBER | SERVICE |
|---|---|---|
| Advanced Disposal WR-M3<br>2510 Engel Road<br>Wisconsin Rapids, WI 54495 | M3011843 | Waste Removal |
| AT&T<br>P.O. Box 105068<br>Atlanta, GA  30348 | 715 341-0877 6091 | Telecom |
| AT&T Mobility<br>P.O. Box 6463<br>Carol Stream, IL  60197-6463 | 087244286383 | Telecom |
| Constellation New Energy<br>N 21 W 23340 Ridgeview<br>Stevens Point, WI 54481 | BG-93002<br>RG-62839 | Gas |
| Green Thumb<br>4701 Heffron Street<br>Stevens Point, WI 54481 | N/A | Waste Removal<br>(Lawn & Snow Removal) |
| Industrial Recyclers of WI<br>1040 Indianhead Drive<br>Mosinee, WI  54455 | 000044-000001 | Waste Removal |
| Plover Wastewater Utility<br>P.O. Box 37<br>Plover, WI  54467 |  | Sewer |
| Rudolph Septic Service<br>P.O. Box 24<br>Rudolph, WI  54475 | N/A | Waste Removal |
| Sanimax, LLC<br>P.O. Box 10067<br>Green Bay, WI  54307-0067 | C060543 | Waste Removal |
| U.S. Cellular<br>P.O. Box 0203<br>Palatine, IL  60055-0203 | 216083631<br>214109605 | Telecom |
| Verizon Wireless<br>1000 Jeter Avenue<br>Opelika, AL  36803 | 380459549-00001 | Telecom |

81666v.1

| **VENDOR NAME/ADDRESS** | **ACCOUNT NUMBER** | **SERVICE** |
|---|---|---|
| Village of Plover<br>2400 Post Road<br>Plover, WI  54467 | $60.00<br>$1,775.27<br>$0.64<br>$210.36<br>$0.61<br>$301.48<br>$2,438.31 | Water |
| Wisconsin Public Serv. Corp.<br>P.O. Box 19003<br>Green Bay, WI  54307 | 0404169792-00008<br>0404169792-00001<br>0404169792-00016<br>0404169792-00003<br>0404169792-00002<br>0404169792-00005<br>0404169792-00006<br>0404159792-00007<br>0404159792-00013 | Electric<br>(Gas Line Usage Fees) |

81666v.1

# **EXHIBIT 1**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GOLDEN COUNTY FOODS, INC., *et al.*,[1] | § § | CASE NO. 15-11062 (KG) |
| | § | JOINTLY ADMINISTERED |
| DEBTORS | § | |

**INTERIM ORDER PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE AND DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR UTILITY SERVICES**

The Court has considered the motion (the "Motion")[2] filed by the above-captioned debtors (the "Debtors"), pursuant to sections 105(a) and 366(b) of the Bankruptcy Code,[3] to request the entry of interim and final orders (i) prohibiting utility service providers from altering, refusing, or discontinuing service on account of prepetition invoices; (ii) establishing procedures for providing adequate assurance of postpetition payments; and (iii) determining that the adequate assurance proposed in this Motion is sufficient under section 366. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157, (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, (iv) proper and adequate notice of the Motion has been given under Local Rule 9013-1(m), and (v) good and sufficient cause exists for the granting of the relief requested in the Motion. Therefore, **IT IS HEREBY ORDERED** that:

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Golden County Foods, Inc. (3018); GCF Franchisee, Inc. (4385); and GCF Holdings II, Inc. (3151). The address of the Debtors' corporate headquarters is 300 Moore Road, Plover, Wisconsin 54467.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]  11 U.S.C. §§ 101, *et seq*. Unless otherwise noted, all statutory references are to the Bankruptcy Code.

1. The Motion is GRANTED as set forth herein.

2. Absent any further order of this Court, the Utilities, including but not limited to those listed on Exhibit A hereto and Exhibit A to the Motion, which is incorporated herein by reference, may not alter, refuse, or discontinue service to, or discriminate against the Debtors.

3. The Debtors are authorized to fund a cash deposit with an interest-bearing, segregated account equal to 30 days' average billing based on the Debtors' average monthly consumption of utility services from the respective Utilities during the past one year as adequate assurance under section 366(c), as reflected on Exhibit A. Such deposit constitutes "adequate assurance of payment" to the Utilities as that term is used in section 366 on an interim basis.

4. The following Adequate Assurance Procedures are approved on an interim basis:

    a. Any Utility that objects to the Debtors' proposed adequate assurance must serve an adequate assurance request on: (i) the Debtors, Golden County Foods, Inc., 300 Moore Road, Plover, Wisconsin 54467; and (ii) proposed co-counsel for the Debtors, (a) Neligan Foley LLP, 325 N. St. Paul, Suite 3600, Dallas, Texas 75201, Attn: Patrick J. Neligan, Jr., and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins (together, the "Request Notice Parties").

    b. Any adequate assurance request must (i) be made in writing, (ii) identify the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, (iv) explain why the Utility believes the Debtors' proposed adequate assurance is not sufficient adequate assurance of future payment, and (v) be served on the Request Notice Parties.

    c. The Debtors are authorized to resolve, in their sole discretion, any adequate assurance request by mutual agreement with a Utility and without further order of the Court and, in connection with any such agreement, in their sole discretion, provide a Utility with additional and/or alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtors believe such alternative assurance is reasonable.

   d. If the Debtors are unable to reach a prompt resolution with the Utility, the Debtors will schedule the matter to be hard before the Court at the next regularly scheduled omnibus hearing date to determine the adequacy of assurances of payment with respect to a particular Utility pursuant to section 366(c)(3) of the Bankruptcy Code. Pending notice and a hearing, the Utility that is the subject of the unresolved adequate assurance request may not alter, refuse or discontinue services to the Debtors.

5. Unless and until a Utility makes a request for additional adequate assurance of payment, such Utility shall be deemed to be satisfied that the cash deposit provides adequate assurance to such Utility.

6. The relief granted herein is for all Utilities providing utility services to the Debtors and is not limited to those listed on the list of Utilities attached as <u>Exhibit A</u> hereto. The Debtors are authorized to supplement, as necessary, <u>Exhibit A</u>. This Order shall apply to any Utility that is subsequently added to <u>Exhibit A</u>. In the event the Debtors learn of an additional Utility not listed on <u>Exhibit A</u>, the Debtors shall serve a copy of the Motion and this Order an any subsequently added Utility, and such Utility shall have 30 days from the date of service of the Motion and this Order to make a request for additional adequate assurance in accordance with the terms of this Order.

7. The Debtors may amend the list of Utilities to delete a Utility, or may seek to terminate a Utility, only if the Debtors have provided two weeks advance notice to such Utility and have not received any objection from such Utility. If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility may agree on.

8. Within two (2) business days after the date of the entry of this Order, the Debtors shall serve a copy of this Order by first class mail upon (i) the United States Trustee, (ii) the

Debtor's 20 largest unsecured creditors, (iii) secured creditors, (iv) the Utilities, and (v) any party entitled to notice under Local Rule 9013-1(m).

9. The inclusion on or omission from the list of Utilities of any entity shall not constitute an admission or concession that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

10. Nothing in this Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.

11. Adequate notice of an opportunity for a Hearing on the Motion has been provided under the circumstances. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

12. Notwithstanding any potential applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. A Final Hearing on the Motion is set for _____, 2015 at ___.m. (Eastern Time). Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. Eastern Time on _____, 2015 and served on the following parties: (i) proposed co-counsel for the Debtors, (a) Neligan Foley LLP, 325 N. St. Paul, Suite 3600, Dallas, Texas 75201, Attn: Patrick J. Neligan, Jr., and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins; (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Hannah McCollum, Esq.; and (iii) all parties entitled to notice under Local Rule 9013-1(m). In the event no objections to entry of a final

4

RLF1 11984379v.3

order on the Motion are timely received, the Court may enter such final order without the need for a Final Hearing.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: May ___, 2015
      Wilmington, Delaware

                                            THE HONORABLE KEVIN GROSS
                                            UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## Utilities List

RLF1 11984379v.3

# **EXHIBIT A**

| VENDOR NAME/ADDRESS | ACCOUNT NUMBER | SERVICE |
|---|---|---|
| Advanced Disposal WR-M3<br>2510 Engel Road<br>Wisconsin Rapids, WI 54495 | M3011843 | Waste Removal |
| AT&T<br>P.O. Box 105068<br>Atlanta, GA  30348 | 715 341-0877 6091 | Telecom |
| AT&T Mobility<br>P.O. Box 6463<br>Carol Stream, IL  60197-6463 | 087244286383 | Telecom |
| Constellation New Energy<br>N 21 W 23340 Ridgeview<br>Stevens Point, WI 54481 | BG-93002<br>RG-62839 | Gas |
| Green Thumb<br>4701 Heffron Street<br>Stevens Point, WI 54481 | N/A | Waste Removal<br>(Lawn & Snow Removal) |
| Industrial Recyclers of WI<br>1040 Indianhead Drive<br>Mosinee, WI  54455 | 000044-000001 | Waste Removal |
| Plover Wastewater Utility<br>P.O. Box 37<br>Plover, WI  54467 | | Sewer |
| Rudolph Septic Service<br>P.O. Box 24<br>Rudolph, WI  54475 | N/A | Waste Removal |
| Sanimax, LLC<br>P.O. Box 10067<br>Green Bay, WI  54307-0067 | C060543 | Waste Removal |
| U.S. Cellular<br>P.O. Box 0203<br>Palatine, IL  60055-0203 | 216083631<br>214109605 | Telecom |
| Verizon Wireless<br>1000 Jeter Avenue<br>Opelika, AL  36803 | 380459549-00001 | Telecom |

| VENDOR NAME/ADDRESS | ACCOUNT NUMBER | SERVICE |
|---|---|---|
| Village of Plover<br>2400 Post Road<br>Plover, WI  54467 | $60.00<br>$1,775.27<br>$0.64<br>$210.36<br>$0.61<br>$301.48<br>$2,438.31 | Water |
| Wisconsin Public Serv. Corp.<br>P.O. Box 19003<br>Green Bay, WI  54307 | 0404169792-00008<br>0404169792-00001<br>0404169792-00016<br>0404169792-00003<br>0404169792-00002<br>0404169792-00005<br>0404169792-00006<br>0404159792-00007<br>0404159792-00013 | Electric<br>(Gas Line Usage Fees) |

81666v.1