**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

**ORIGINAL**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| **PLOVER APPETIZER CO.,** | § | **CASE NO. 15-11062 (KG)** |
| **f/k/a GOLDEN COUNTY FOODS, INC.** | § | |
| ***et al.,*[1]** | § | **JOINTLY ADMINISTERED** |
| | § | |
| **DEBTORS** | § | Re: Docket No. 564 |

---

## ORDER (I) APPROVING DEBTORS' COMBINED DISCLOSURE STATEMENT AND JOINT PLAN OF LIQUIDATION AS CONTAINING ADEQUATE INFORMATION ON A FINAL BASIS AND (II) CONFIRMING DEBTORS' COMBINED DISCLOSURE STATEMENT AND PLAN

WHEREAS, Plover Appetizer Co. f/k/a Golden County Foods, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 Cases[2] have proposed and filed with the United States Bankruptcy Court for the District of Delaware: (i) the *Combined Disclosure Statement and Joint Plan of Liquidation* [Docket No. 564] (the "Combined Disclosure Statement and Plan"), a final version of which is attached hereto as **Exhibit A**, and (ii) the *Debtors' Motion for the Entry of an Order: (a) Conditionally Approving the Combined Disclosure Statement and Joint Plan of Liquidation for Solicitation Purposes Only on Limited Notice, (b) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Disclosure Statement and Joint Plan of Liquidation, (c) Approving the Form of Ballots and Solicitation Materials, (d) Establishing Voting Record Date, (e) Scheduling a Confirmation Hearing and Deadline for Filing Objections to Confirmation, and*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Plover Appetizer Co. (f/k/a Golden County Foods, Inc.) (3018); Plover Appetizer Holding Co. (f/k/a GCF Holdings II, Inc.) (3151); and Plover Appetizer Franchisee Co. (f/k/a GCF Franchisee, Inc.) (4385).  The address of the Debtors' corporate headquarters is 300 Moore Road, Plover, Wisconsin 54467.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

*(f) Approving Related Notice Procedures* [Docket No. 541] (the "Solicitation Procedures Motion");

WHEREAS, on December 4, 2015, the Court, after holding a hearing on that date (the "Conditional Disclosure Statement Hearing"), entered the *Order (A) Approving on Conditional Basis Combined Disclosure Statement and Plan for Solicitation Purposes Only on Limited Notice, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Disclosure Statement and Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures* [Docket No. 563] (the "Conditional Approval and Procedures Order"), conditionally approving the Combined Disclosure Statement and Plan for solicitation purposes only;

WHEREAS, due notice of the Confirmation Hearing has been given to Holders of Claims, Equity Interests and other parties in interest in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Conditional Approval and Procedures Order, as set forth in the *Affidavit of Service* [Docket No. 573] (the "Confirmation Notice Affidavit");

WHEREAS, in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Conditional Approval and Procedures Order, solicitation packages containing a ballot (a "Ballot"), notice of the Confirmation Hearing (including instructions on how to view and/or obtain paper copies of the Combined Disclosure Statement and Plan), and the Committee

2

Support Letter (collectively, the "<u>Solicitation Packages</u>") were transmitted to the Holders of Claims in Class 5 (the "<u>Voting Class</u>");

WHEREAS, on January 15, 2016, KCC filed the *Certification of Sheryl R. Betance with Respect to the Tabulation of Votes on the Debtors' Combined Disclosure Statement and Joint Plan of Liquidation* [Docket No. 598] (the "<u>Voting Certification</u>") containing a tabulation of all valid Ballots received and demonstrating virtually unanimous acceptance of the Combined Disclosure Statement and Plan by the Voting Class;

WHEREAS, on January 20, 2016, the Court conducted a hearing to consider, on a final basis, whether the Combined Disclosure Statement and Plan contained adequate information within the meaning of Section 1125(a) of the Bankruptcy Code and whether the Combined Disclosure Statement and Plan should be confirmed (the "<u>Confirmation Hearing</u>");

**NOW, THEREFORE**, based upon the Court's consideration of the entire record of these Chapter 11 Cases, including, among other things, (i) the Conditional Disclosure Statement Hearing, (ii) the Combined Disclosure Statement and Plan, (iii) the Solicitation Procedures Motion, (iv) the Confirmation Notice Affidavit, (v) any objections to the Combined Disclosure Statement and Plan, and (vi) the Confirmation Hearing, and the Court having found that the Combined Disclosure Statement and Plan contains adequate information within the meaning of Section 1125(a) of the Bankruptcy Code and is confirmable in its current form and all objections thereto have either been settled, withdrawn or overruled at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

3

A.     <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     <u>Jurisdiction, Venue, Core Proceeding</u>.  The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.  Both approval of the Combined Disclosure Statement and Plan and confirmation of the Combined Disclosure Statement and Plan are core proceedings pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. On May 15, 2015 (the "<u>Petition Date</u>"), the Debtors commenced with the Chapter 11 Cases.

C.     <u>The Official Committee of Unsecured Creditors</u>.  On May 27, 2015, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed the Official Committee of Unsecured Creditors (the "<u>Committee</u>") [Docket No. 68].

D.     <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

E.     <u>Approval Under Section 1125</u>.  The Combined Disclosure Statement and Plan contains adequate information within the meaning of Bankruptcy Code section 1125(a).

4

F.  <u>Conditional Approval and Procedures Order Compliance</u>.  The Debtors have complied with the Conditional Approval and Procedures Order, including the solicitation process, in all respects.

G.  <u>Burden of Proof</u>.  The Debtors have the burden of proving each of the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.  The Debtors have met this burden.

H.  <u>Voting</u>.  As evidenced by the Voting Certification, votes to accept or reject the Combined Disclosure Statement and Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules, the solicitation process set forth in the Conditional Approval and Procedures Order, and applicable non-bankruptcy law.

I.  <u>Solicitation</u>.  The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, and the Conditional Approval and Procedures Order.  The form of the Ballot adequately addressed the particular needs of these Chapter 11 Cases and is appropriate for the Holders of the Claims in the Voting Class, which are impaired under the Combined Disclosure Statement and Plan, and may receive a Distribution under the Combined Disclosure Statement and Plan, and whose votes were, therefore, solicited.

1.  The period during which the Debtors solicited acceptances of the Combined Disclosure Statement and Plan was reasonable under the circumstances of these Chapter 11 Cases and enabled Holders to make an informed decision to accept or reject the Combined Disclosure Statement and Plan.  The Debtors were not required to solicit votes from the Holders of Claims in the following Classes as each such Class is unimpaired under the Combined Disclosure Statement and Plan and conclusively presumed to have accepted the Combined Disclosure Statement and Plan:  Class 1 (DIP Loan Claim), Class 2 (Last Out Term Loan

5

Claim), Class 3 (Miscellaneous Secured Claims), and Class 4 (Non-Tax Priority Claims).

2.      The Debtors also were not required to solicit votes from the Holders of Equity Interests in Class 6 (Equity Interests) as such Class will receive no recovery under the Combined Disclosure Statement and Plan and is deemed to reject the Combined Disclosure Statement and Plan.

3.      As described in and as evidenced by the Voting Certification and the Confirmation Notice Affidavit, the transmittal and service of the Solicitation Packages was timely, adequate, and sufficient under the circumstances. The solicitation of votes on the Combined Disclosure Statement and Plan complied with the Conditional Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations. In connection therewith, the Debtors, and any and all affiliates, members, managers, shareholders, partners, employees, attorneys and advisors of the foregoing are entitled to the protection included in section 1125(e) of the Bankruptcy Code.

J.      Good Faith.  The Debtors have not engaged in any collusive or unfair conduct in connection with the Combined Disclosure Statement and Plan. The Combined Disclosure Statement and Plan was negotiated and entered into at arms-length and without collusion with any person or entity.

K.      Notice.  As is evidenced by the Voting Certification and the Confirmation Notice Affidavit, the transmittal and service of the Solicitation Packages were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Combined Disclosure Statement and Plan) have been given due, proper, timely, and adequate notice in accordance with the Conditional Approval and Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

RLF1 13684367v.1

L.    <u>Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.    The Combined Disclosure Statement and Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Combined Disclosure Statement and Plan is dated and identifies the Debtors as the proponents of the Combined Disclosure Statement and Plan thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

M.    <u>The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.    The Debtors have complied with all applicable provisions of the Bankruptcy Code, satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

N.    <u>Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.    The Combined Disclosure Statement and Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

O.    <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtors, or by a person issuing securities or acquiring property under the Combined Disclosure Statement and Plan, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

P.    <u>Liquidating Trustee, Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identity, affiliations and compensation of the Liquidating Trustee proposed to serve after Effective Date have been fully disclosed in the Liquidating Trust Agreement, which was filed in

7

substantially final form as <u>Exhibit A</u> to the *Notice of Filing of Plan Supplement to Debtors'*
*Combined Disclosure Statement and Joint Plan of Liquidation* [Docket No. 592].

      Q.     <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  After confirmation of the
Combined Disclosure Statement and Plan, the Debtors' businesses will not involve rates
established or approved by, or otherwise subject to, any governmental regulatory commission.
Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable.

      R.     <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.  The Combined
Disclosure Statement and Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The
liquidation analysis included in the Combined Disclosure Statement and Plan, and the other
evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has
not been controverted by other evidence, and (iii) establishes that each Holder of an impaired
Claim or Equity Interest either has accepted the Combined Disclosure Statement and Plan or will
receive or retain under the Combined Disclosure Statement and Plan, on account of such Claim
or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount
that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the
Bankruptcy Code on such date.

      S.     <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  All Classes of
Claims or Equity Interests either voted to accept the Plan (*i.e.*, Class 5) or were deemed to have
accepted the Plan (*i.e.*, Classes 1-4), other than Class 6, which is impaired by the Combined
Disclosure Statement and Plan and is not entitled to receive or retain any property under the
Combined Disclosure Statement and Plan.  Therefore, Class 6 is deemed to have rejected the
Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code.
As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the

Combined Disclosure Statement and Plan may be confirmed notwithstanding the fact that Class 6 is impaired and is deemed to have rejected the Combined Disclosure Statement and Plan.

T.    <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>.  The treatment of Allowed Administrative Expense Claims under the Combined Disclosure Statement and Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code.  The treatment of Priority Tax Claims pursuant to the Combined Disclosure Statement and Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

U.    <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>.  Holders of Claims in the Voting Class voted to accept the Combined Disclosure Statement and Plan, calculated without including any acceptance of the Combined Disclosure Statement and Plan by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

V.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Combined Disclosure Statement and Plan itself calls for liquidation of the Debtors.  Therefore, confirmation of the Combined Disclosure Statement and Plan is not likely to be followed by the need for further financial reorganization of the Debtors, thereby satisfying (or eliminating the need to consider) section 1129(a)(11) of the Bankruptcy Code.

W.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  The Combined Disclosure Statement and Plan provides that on the Effective Date, and thereafter as may be required, the Debtors or Liquidating Trustee, as applicable, shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

RLF1 13684367v.1

X.    <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)</u>.  The Debtors do not maintain retirement plans or other benefits obligations.  Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to confirmation of the Combined Disclosure Statement and Plan.

Y.    <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>.  The Debtors are not required by a judicial or administrative order, or by statute, to pay any domestic support obligation.  Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

Z.    <u>The Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15))</u>.  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

AA.    <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>.  The Debtors are moneyed, business, and/or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

BB.    <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  Holders of Equity Interests in Class 6 are deemed to have not accepted the Combined Disclosure Statement and Plan.  Based upon the evidence proffered, adduced, and presented by the Debtors at the Confirmation Hearing, the Combined Disclosure Statement and Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.  Thus, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the deemed rejection of the Combined Disclosure Statement and Plan by Class 6.

RLF1 13684367v.1

CC.    Only One Plan (11 U.S.C. § 1129(c)).    The Combined Disclosure Statement and Plan is the only plan filed in this case, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

DD.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)).    The principal purpose of the Combined Disclosure Statement and Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, and no governmental unit has objected to the confirmation of the Combined Disclosure Statement and Plan on any such grounds.  Therefore, the Combined Disclosure Statement and Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

EE.    Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based on the record before the Court and the record of the Chapter 11 Cases, the Debtors and their agents, successors, predecessors, control persons, members, officers, directors, employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, in each case, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Combined Disclosure Statement and Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and therefore are not, and on account of such offer, issuance and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Combined Disclosure Statement and Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed

11

therein, the exculpation provision set forth in Article XII.B. of the Combined Disclosure Statement and Plan.

FF.    <u>Implementation</u>.  All documents necessary to implement the Combined Disclosure Statement and Plan, and all other relevant and necessary documents have been developed and negotiated in good faith and at arms-length and shall, upon completion of documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

GG.    <u>Releases</u>.  The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases and injunctions set forth in Article XII and elsewhere in the Combined Disclosure Statement and Plan and this Confirmation Order. Section 105(a) of the Bankruptcy Code permits approval of the releases and injunctions set forth in Article XII and elsewhere in the Combined Disclosure Statement and Plan and Confirmation Order, because, as has been established here based upon the record in the Chapter 11 Cases and the evidence presented at the Confirmation Hearing, such provisions (i) were essential to the formulation and implementation of the Combined Disclosure Statement and Plan, as provided for in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable, and reasonable, (iv) are in the best interests of the Debtors, their Estates, and all parties in interest, and (v) have been consented to and approved by the Voting Class and other parties in interest.  Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the exculpation provision and the releases set forth in the Combined Disclosure Statement and Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, and their Estates, creditors, and equity holders, and are therefore approved.

12

HH.    Based on the foregoing, the Combined Disclosure Statement and Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

## NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    <u>Findings of Fact and Conclusions of Law</u>.  The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.    <u>Notice of the Confirmation Hearing</u>.  Notice of the Confirmation Hearing complied with the terms of the Conditional Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

3.    <u>Adequate Information</u>.  The Combined Disclosure Statement and Plan is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Combined Disclosure Statement and Plan not otherwise consensually resolved are overruled.

4.    <u>Solicitation</u>.  The solicitation of votes on the Combined Disclosure Statement and Plan complied with the Conditional Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law.

5.    <u>Ballots</u>.  The form of Ballot annexed as **Exhibit 1** to the Conditional Approval and Procedures Order is in compliance with Bankruptcy Rule 3018(c), and as modified, substantially conforms to Official Form Number 14, and is approved in all respects.

6.    <u>Confirmation of the Combined Disclosure Statement and Plan</u>.    The Combined Disclosure Statement and Plan, attached hereto as **Exhibit A**, is approved and confirmed under section 1129 of the Bankruptcy Code.  The terms of the Combined Disclosure Statement and Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.

7.    <u>Objections Resolved or Overruled</u>.  All objections, responses, statements and comments in opposition to the Combined Disclosure Statement and Plan, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety.

8.    <u>General Authorizations</u>.  The Combined Disclosure Statement and Plan was approved by all officers and directors of the Debtors whose approval was necessary.  Pursuant to the relevant provisions of the corporate or business organizations law of the applicable states of organization of the Debtors, and section 1142(b) of the Bankruptcy Code, no additional action of the respective directors, members, managers or stockholders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Combined Disclosure Statement and Plan and any contract, instrument, or other document to be executed, delivered, adopted or amended in connection with the implementation of the Combined Disclosure Statement and Plan.

9.    <u>Binding Effect</u>.  On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Combined Disclosure Statement and Plan shall bind the Debtors, all Holders of Claims and Equity Interests (irrespective of whether such Claims or Equity Interests are impaired under the Combined Disclosure Statement and Plan or whether the Holders of such Claims or Interests have accepted

14

the Combined Disclosure Statement and Plan), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, any other party in interest in these Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

10.    Vesting of Assets.  As of the Effective Date, pursuant to the provisions of Bankruptcy Code section 1141(b) and (c), all Assets shall vest in the Debtors and the Liquidating Trust, as applicable, as set forth in the Combined Plan and Disclosure Statement and Liquidating Trust Agreement, free and clear of all Claims, liens, encumbrances, charges, membership interests and other interests, except as otherwise expressly provided in the Combined Disclosure Statement and Plan or this Confirmation Order, and subject to the terms and conditions of the Combined Disclosure Statement and Plan and this Confirmation Order.

11.    Implementation of the Combined Disclosure Statement and Plan.  The Debtors are hereby authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Combined Disclosure Statement and Plan.  On the Effective Date, the Liquidating Trustee is authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases and other agreements in the name of and on behalf of the Debtors.

12.    Compromise of Controversies.  In consideration for the distributions and other benefits, including releases, provided for under the Combined Disclosure Statement and Plan, the provisions of the Combined Disclosure Statement and Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Combined Disclosure Statement and Plan.  Consideration for all such compromises, settlements and

15

releases is adequate and the entry of this Confirmation Order constitutes approval of such compromises and settlements under Bankruptcy Rule 9019, subject to the provisions of the Combined Disclosure Statement and Plan.

13.    <u>Rejection of Executory Contracts and Unexpired Leases</u>.  Except as is set forth in the Combined Disclosure Statement and Plan, pursuant to Article XIII of the Combined Disclosure Statement and Plan, as of the Effective Date, all Executory Contracts and unexpired leases to which any of the Debtors is a party are hereby rejected as of the Effective Date.

14.    <u>Conditions to Effective Date</u>.  The Combined Disclosure Statement and Plan shall not become effective unless and until the conditions set forth in Article XIV.A. of the Combined Disclosure Statement and Plan have been satisfied or waived pursuant to Article XIV.C. of the Combined Disclosure Statement and Plan.  In the event that one or more of the conditions specified in Article XIV.A. of the Combined Disclosure Statement and Plan have not been satisfied or waived in accordance with Article XIV.C. of the Combined Disclosure Statement and Plan within 45 days after the Confirmation Date, then upon motion by any party in interest, made before the time that each of the conditions has been satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may direct, the Confirmation Order may be vacated by the Bankruptcy Court; <u>provided</u>, <u>however</u>, that notwithstanding the filing of such motion, the Confirmation Order shall not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived by the Debtors before any Order granting such relief becomes a Final Order.  If the Confirmation Order is vacated, the Combined Disclosure Statement and Plan shall be deemed null and void in all respects and nothing contained herein shall (A) constitute a waiver or release of any Claims by or against the Debtors, or (B) prejudice in any manner the rights of the Debtors.

16

15.   <u>Professional Compensation</u>.    Except as provided in the Combined Disclosure Statement and Plan, all entities seeking awards by the Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date, shall file and serve their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is thirty (30) days after the Effective Date.  Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed and paid in the ordinary course of business without any further notice to, or action, Order, or approval of, the Bankruptcy Court.  Fee Claims shall be treated as Administrative Expense Claims under the Combined Disclosure Statement and Plan and paid in accordance with Article VI of the Combined Disclosure Statement and Plan.

16.   <u>Notice of Default</u>.  Upon the failure of the Liquidating Trustee to make any payment to the Holder of an Allowed Claim as required by Article IV(c) of the Combined Disclosure Statement and Plan, the Holder of such Allowed Claim shall be entitled to serve written notice of default upon the Liquidating Trustee.  If the default is not cured within thirty days of receipt of such notice, the Holder of such Allowed Claim may exercise all rights and remedies available under applicable law for the collection of its Allowed Claim and may seek appropriate relief in the Bankruptcy Court, *provided, however*, that all of the Liquidating Trustee's rights to oppose the relief sought in the Bankruptcy Court are expressly preserved.

17.   <u>Rights of H.J. Heinz Company, L.P.</u>  Nothing in the Combined Disclosure Statement and Plan or this Confirmation Order shall affect the recoupment or setoff rights of H.J.

17

Heinz Company LP, which rights shall be governed by the Revised Order and the Sale Order, which were entered by the Court on July 2, 2015 [Docket Nos. 226 and 228].

18. <u>Exculpation</u>. The Debtors and the Committee, and any of their respective members, officers, directors, employees, advisors, professionals, attorneys, representatives, financial advisors, investment bankers, agents, independent contractors, or other professionals, and any of such parties' successors and assigns, solely in their capacities as such, shall not have or incur any liability for any claim, action, proceeding, Cause of Action, Avoidance Action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment, or claim (as defined in Bankruptcy Code section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively, in law, equity, or otherwise to one another or to any claimholder or interest holder, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Combined Plan and Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, the administration of the Combined Plan and Disclosure Statement, or the property to be liquidated and/or distributed under the Combined Plan and Disclosure Statement, except for their willful misconduct or gross negligence as determined by a Final Order of a Court of competent jurisdiction, and in all respects shall be entitled to rely reasonably upon the advice of counsel

18

with respect to their duties and responsibilities under the Combined Plan and Disclosure Statement.

19.   Binding Exculpation Provision.   All exculpation provisions embodied herein and/or in the Combined Disclosure Statement and Plan, including but not limited to those contained in Article XII.B. of the Combined Disclosure Statement and Plan, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

20.   Releases By the Debtors.   As of the Effective Date, for good and valuable consideration, the Debtors (in their individual capacities and as debtors and debtors in possession) shall waive and discharge any of their respective members, officers, directors, employees, advisors, professionals, attorneys, representatives, financial advisors, investment bankers, agents, independent contractors or other professionals and any of such parties' successors and assigns, and the Committee, and any of its members, advisors, professionals, attorneys, representatives, financial advisors, investment bankers, and agents, from all Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities (other than the rights of the Debtors to enforce this Combined Plan and Disclosure Statement, and the contracts, instruments, releases, indentures, and other agreement or documents delivered hereunder, and liabilities arising after the Effective Date in the ordinary course of business) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise that are based in whole or part on any act omission, transaction, event, or other occurrences, whether direct or derivative, taking place on or prior to the Effective Date in connection with, or related to the Debtors, the Chapter 11 Cases, and the Combined Plan and Disclosure Statement.

RLF1 13684367v.1

21.   <u>Binding Release Provisions.</u>   All release provisions embodied herein and/or in the Combined Disclosure Statement and Plan, including but not limited to those contained in Article XII.C of the Combined Disclosure Statement and Plan, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

22.   <u>Injunction.</u>   All injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.   Except as otherwise provided in the Combined Plan and Disclosure Statement, or to the extent necessary to enforce the terms and conditions of the Combined Plan and Disclosure Statement, the Confirmation Order, or a separate order of the Bankruptcy Court, all Entities who have held, hold or may hold Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions against the Debtors, their Estates, or any of their property on account of any such Claims or Equity Interests: (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Combined Plan and Disclosure Statement; <u>provided, however,</u> that such Entities shall not be precluded from exercising their rights pursuant to and consistent with the terms of the Combined Plan and Disclosure Statement, the Confirmation Order, or the Liquidating Trust Agreement.

23.     <u>Reservation of Rights</u>.  Except as expressly set forth herein, the Combined Disclosure Statement and Plan shall have no force or effect until the Effective Date.  None of the filing of the Combined Disclosure Statement and Plan, any statement or provision contained therein, or the taking of any action by the Debtors with respect to the Combined Disclosure Statement and Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtors, Holders of Claims or Equity Interest before the Effective Date.

24.     <u>Payment of Statutory Fees</u>.  All fees due and payable pursuant to section 1930 of title 28 of the United States Code prior to the Effective Date shall be paid by the Debtors on the Effective Date.  After the Effective Date, the Liquidating Trustee shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee.  Notwithstanding the limited administrative consolidation of the Debtors called for in the Combined Disclosure Statement and Plan, each and every one of the Debtors shall remain obligated to pay quarterly fees to the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed or converted to a case under chapter 7 of the Bankruptcy Code.

25.     <u>Reversal/Stay/Modification/Vacatur of Confirmation Order</u>.  Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Bankruptcy Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors, as applicable, pursuant to the Combined Disclosure Statement and Plan, the Confirmation Order, or the Liquidating Trust Agreement prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any such

21

reversal, stay, modification, or vacatur of the Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, the Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of the Confirmation Order, the Combined Disclosure Statement and Plan, or the Liquidating Trust Agreement, or any amendments or modifications thereto.

26.    Retention of Jurisdiction.  Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, following the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including, without limitation, such jurisdiction as is necessary to ensure that the interests and purposes of the Combined Disclosure Statement and Plan are carried out.  The Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Cases, the Combined Disclosure Statement and Plan, and the Liquidating Trust Agreement, pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(i)    To hear and determine any objections to Claims and to address any issues relating to Disputed Claims;

(ii)    To enter and implement such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(iii)    To issue such Orders in aid of execution and consummation of the Combined Disclosure Statement and Plan and the Liquidating Trust Agreement, to the extent authorized by section 1142 of the Bankruptcy Code;

(iv)    To consider any amendments to or modifications of the Combined Disclosure Statement and Plan and Liquidating Trust Agreement, to cure any defect or omission, or

22

reconcile any inconsistency in any Order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(v)    To hear and determine all requests for compensation and reimbursement of expenses to the extent Allowed by the Bankruptcy Court under sections 330 and 503 of the Bankruptcy Code;

(vi)    To hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Combined Disclosure Statement and Plan and Liquidating Trust Agreement;

(vii)    To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(viii)    To hear any other matter not inconsistent with the Bankruptcy Code;

(ix)    To enter a final decree closing the Chapter 11 Cases;

(x)    To ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Combined Disclosure Statement and Plan and Liquidating Trust Agreement;

(xi)    To resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof;

(xii)    To decide or resolve any motions, adversary proceedings, contested or litigated matters arising out of, under, or related to, the Chapter 11 Cases;

(xiii)    To issue injunctions, enter and implement other Orders or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or implementation of the Combined Disclosure Statement and Plan or the Liquidating Trust Agreement, except as otherwise provided herein;

23

(xiv)    To determine any other matters that may arise in connection with or related to the Combined Disclosure Statement and Plan, the Liquidating Trust Agreement, the Confirmation Order or any contract, instrument, release, indenture or other agreement or document created or implemented in connection with the Combined Disclosure Statement and Plan or the Liquidating Trust Agreement;

(xv)    To enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, exculpations, and rulings entered in connection with the Chapter 11 Cases (whether or not the Chapter 11 Cases have been closed);

(xvi)    To resolve any disputes concerning whether a Person or Entity had sufficient notice of the Chapter 11 Cases, the Bar Dates, the Administrative Expense Bar Date, the Governmental Bar Date, and/or the hearing on the approval of the Combined Disclosure Statement and Plan for the purpose of determining whether a Claim, or Equity Interest is discharged and/or enjoined hereunder or for any other purpose; and

(xvii)    To resolve any other matter or for any purpose specified in the Combined Disclosure Statement and Plan, the Confirmation Order, or the Liquidating Trust Agreement, or any other document entered into in connection with any of the foregoing.

27.    <u>Exemption from Certain Taxes</u>.    Pursuant to section 1146(a) of the Bankruptcy Code, all transactions, and the delivery and recordation of any instrument, under, in furtherance of, or in connection with the Combined Disclosure Statement and Plan shall not be subject to any stamp tax, real estate transfer tax or similar transfer fee or tax.

28.    <u>Modifications</u>.    The Combined Disclosure Statement and Plan may be amended, modified, or supplemented by the Debtors, in consultation with the Committee, in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law

24

without additional disclosure pursuant to section 1125 of the Bankruptcy Code, the Combined Disclosure Statement and Plan, and this Confirmation Order. In addition, after the Confirmation Date, the Debtors or the Liquidating Trustee, as applicable, may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Combined Disclosure Statement and Plan, this Confirmation Order, or the Liquidating Trust Agreement, with respect to such matters as may be necessary to carry out the purposes and effects of the Combined Disclosure Statement and Plan and Liquidating Trust Agreement. Further, prior to the Effective Date, the Debtors, in consultation with the Committee, may make appropriate technical adjustments and modifications to the Combined Disclosure Statement and Plan without further order or approval of the Court.

29. <u>Provisions of Combined Disclosure Statement and Plan and Confirmation Order Non-Severable and Mutually Dependent</u>. The provisions of the Combined Disclosure Statement and Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

30. <u>Governing Law</u>. Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under the Combined Disclosure Statement and Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof.

31. <u>Applicable Non-Bankruptcy Law</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Combined Disclosure Statement and Plan, Liquidating Trust Agreement, and related documents or any amendments or

modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

32. <u>Documents and Instruments</u>.   Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Combined Disclosure Statement and Plan, this Confirmation Order, and the Liquidating Trust Agreement.

33. <u>Governmental Approvals Not Required</u>.   This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Combined Disclosure Statement and Plan and the Liquidating Trust Agreement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Combined Disclosure Statement and Plan and the Liquidating Trust Agreement.

34. <u>Notice of Entry of Confirmation Order and Effective Date</u>.   The form of notice of Effective Date and entry of the Confirmation Order, attached hereto as **Exhibit B** (the "<u>Effective Date Notice</u>"), provides adequate and reasonable notice and is hereby approved.   On or within two (2) Business Days of the Effective Date, the Debtors shall file and serve the Effective Date Notice on the following parties: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases, (ii) state and local taxing authorities for all jurisdictions in which the Debtors did business, (iii) the Internal Revenue Service, (iv) the Securities and Exchange Commission, (v) the United States Attorney for the District of Delaware, (vi) holders of Claims or Equity interests, (vii) all counterparties to

Executory Contracts and unexpired leases with the Debtors, (viii) the U.S. and (ix) all persons or entities listed on the Debtors' creditor mailing matrix.

35. <u>Substantial Consummation</u>.    On the Effective Date and upon commencement of the Distributions as contemplated under the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

36. <u>Waiver of Stay</u>.    The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

37. <u>Inconsistency</u>.    To the extent of any inconsistency between this Confirmation Order and the Combined Disclosure Statement and Plan, this Confirmation Order shall govern.    In the event of any inconsistency among this Confirmation Order and the Liquidating Trust Agreement, the provisions of the Liquidating Trust Agreement shall govern.

38. <u>No Waiver</u>.    The failure to specifically include any particular provision of the Combined Disclosure Statement and Plan or the Liquidating Trust Agreement in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Combined Disclosure Statement and Plan is confirmed in its entirety and incorporated herein by reference.

Dated: January **20**, 2016
        Wilmington, Delaware

                               THE HONORABLE KEVIN GROSS
                               UNITED STATES BANKRUPTCY JUDGE